IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** vs. LULZIM BAJRALIU, **Defendant.** | **MEMORANDUM DECISION AND ORDER** Case No. 2:13-CR-678-DAK Honorable Dale A. Kimball |

This matter is before the court on Defendant Lulzim Bajraliu's Motion to Terminate Probation. On October 2, 2013, Mr. Bajraliu was indicted for the charge of bank robbery. On October 8, 2014, after a full year of successful pretrial supervision, Mr. Bajraliu pleaded guilty to bank robbery. Based on the unique circumstances of this case, on October 20, 2014, the court sentenced Mr. Bajraliu to 60 months' probation with no term of incarceration and ordered him to pay restitution in the amount of $7,406.26. Mr. Bajraliu paid his restitution in full on the day of his sentencing.

On March 28, 2016, Mr. Bajraliu sent a motion to the court requesting early termination of his probation. At that point, Mr. Bajraliu had completed just over one year of his five-year term of probation, and he requested early termination of his term of probation to allow him to regain his previous employment.

Under 18 U.S.C. § 3564(c), a court may terminate the term of probation for a felony of a defendant who has completed at least one year of probation before the completion of the entire term if the court is satisfied such action is (1) warranted by the conduct of the defendant and (2)

in the interest of justice. *See* 18 U.S.C. § 3564(c) (2012). In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent applicable. 18 U.S.C. § 3564(c) (2012). The factors under § 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense . . . .

18 U.S.C. § 3553(a) (2012).

As to the history and characteristics of the defendant, the court notes that Mr. Bajraliu accepted responsibility for his conduct almost immediately after committing the offense, was cooperative with law enforcement throughout the process, turned himself in to the Unified Police Department, and eventually pleaded guilty to the offense. At the time of the offense, Mr. Bajraliu was dealing with untreated Complex Trauma due to his unimaginable experiences as a child during the ethnic cleansing campaign against Kosovo Albanians. Since he committed the offense, Mr. Bajraliu has successfully participated in a treatment program to help deal with his Complex Trauma. Mr. Bajraliu has also fully complied with all other terms of his probation.

Despite Mr. Bajraliu's success in complying with the terms of his probation, Mr. Bajraliu committed a very serious offense and received a sentence that is much lower than a typical sentence imposed by the court for the same conduct. Mr. Bajraliu was not required to serve any term of incarceration and has only been on probation for just over one year, which is only a small

portion of the period of his sentence. To reflect the seriousness of bank robbery as an offense and to promote respect for the law, Mr. Bajraliu should be required to serve more than a year of Probation.

After considering Mr. Bajraliu's unique circumstances, his compliance with the terms of his probation, and the seriousness of his offense, the court concludes that Mr. Bajraliu's term of Probation should be reduced from 60 months to 30 months. This reduction recognizes Mr. Bajraliu's unique circumstances and compliance but also recognizes the seriousness of bank robbery as an offense.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Terminate Probation is GRANTED, and the termination will take effect after Mr. Bajraliu has completed 30 months of the term of his probation.

DATED this 27th day of April, 2016.

BY THE COURT:

*[signature]*

DALE A. KIMBALL
United States District Judge